**UNITED STATES of America**

v.

**James JONES, Jr., a/k/a Izel Stewart.**

**Crim. Nos. 73-231, 73-299.**

United States District Court,
E. D. Pennsylvania.

Sept. 13, 1973.

Robert E. J. Curran, U. S. Atty., Alan Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Gordon Gelfond, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

BECHTLE, District Judge.

This case was tried before the Court without a jury on Wednesday, September 5, 1973. Defendant is charged in two indictments with unlawful posses-sion of goods stolen from interstate and foreign shipment (No. 73-231, Count I) in violation of 18 U.S.C. § 659; and unlawful receipt of goods stolen from Customs' custody (No. 73-231, Count II), in violation of 18 U.S.C. § 549; and, unlawful receipt of a firearm in commerce by one who had been convicted of a state felony (No. 73-299, in violation of 18 U.S.C. Appendix, § 1202(a)(1).

The Court's findings are as follows:

The Government offered nine (9) witnesses in support of the charges on all counts of these indictments. The Government offered seventeen (17) exhibits. The defendant testified in his own behalf.

A Government witness testified that the Saxony Sportswear Company, 2301 West Allegheny Avenue, Philadelphia, Pennsylvania, purchased a quantity of men's knit sport shirts from a manufacturer in Hong Kong which were shipped to the United States and arrived at the Packer Avenue Marine Terminal at Philadelphia, Pennsylvania, on or about January 25, 1973, at which time they came under the control of duly assigned United States Customs officials and which were not permitted to be released from the control of Customs until January 30, 1973.

On January 25, 1973, the defendant was employed as a crane operator on the Packer Avenue Marine Terminal and was engaged on that day, in the course of his employment, in unloading the ship that carried the subject sport shirts, together with other merchandise. At about 6:00 p. m., the defendant, having previously left the terminal premises, returned in his 1964 green Oldsmobile and parked outside of the terminal near the fence. He then climbed over the fence and entered the terminal premises and its building. He left the building at approximately 6:30 p. m. and, in the company of another unidentified male, threw or assisted in throwing four large paper sacks containing 214 men's knit sport shirts over the fence, which sport shirts had a value in excess of $100 and which had not yet been released from Customs' custody following their arrival

from the foreign port of Hong Kong. After the defendant and the unidentified male threw the sacks of shirts over the fence, they proceeded to leave the terminal and go to the place on the outside of the fence where the bags had come to rest. In the vicinity of this point, a private detective employed by the Packer Avenue Marine Terminal who had identified the defendant during each of the events that have been described above, placed the defendant under arrest, at which time the unidentified male ran and was not later apprehended or otherwise identified. The defendant, in the company of the private detective, then went to the defendant's car where he consented to opening the trunk of the car. In the trunk were two shirts, concealed under newspaper, which were identical to and had been part of the original shipment to Saxony Sportswear Company from the Hong Kong manufacturer. The defendant had purchased these shirts earlier in the day from a private individual on the pier for $4.00 apiece. In the defendant's car was a pistol bearing Serial Number AJ63885 and being a .32 caliber, Model 632, Harrington and Richardson revolver, which pistol was owned by the defendant and his wife and which had been purchased by them but in the name of his wife, because the defendant was then on probation following his conviction in the Court of Common Pleas for Philadelphia County of the offense of aggravated robbery, a felony under the laws of the Commonwealth of Pennsylvania, on March 20, 1972.

The above-described pistol had been acquired by the Colosimo Gun Center, 933 Spring Garden Street, Philadelphia, Pennsylvania, a retail gun dealer, from the Harrington and Richardson Firearms Company of the State of Massachusetts on July 31, 1972, and sold by the retail gun dealer in Philadelphia to the defendant's wife, which pistol the defendant thereafter knowingly and unlawfully possessed.

On the basis of the foregoing, the Court concludes as its findings of fact that the Government has proven beyond

a reasonable doubt that the defendant did knowingly steal and have in his possession 214 men's sport shirts having a value in excess of $100, which shirts had been moving in interstate and foreign commerce as a shipment of freight from Hong Kong to Saxony Sportswear Company, Philadelphia, Pennsylvania; and the defendant did knowingly and unlawfully receive the same merchandise when he knew they had been removed from the custody and control of the United States Customs Service at their resting place at the Packer Avenue Marine Terminal in Philadelphia, Pennsylvania. The Court also finds that the Government has proven beyond a reasonable doubt that the defendant, having been convicted of a felony in the Court of Common Pleas of Philadelphia County, knowingly and unlawfully received a firearm that had been in interstate commerce. See, United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1970).

Upon consideration of all of the evidence, including testimony of all of the witnesses, the Court finds the defendant guilty on all counts.